STATE of Texas et al., Appellants,

v.

Barney B. JETT et al., Appellees.

No. 4000.

Court of Civil Appeals of Texas.

Waco.

June 21, 1962.

Henry Wade, Dist. Atty., Dallas County, A. D. (Jim) Bowie, Don T. Cates, Emmett Colvin, Jr., Homer G. Montgomery, Ted Z. Robertson, Asst. Dist. Attys., Dallas County, Dallas, for appellants.

Alexander D. McNabb, McKool & McKool, Dallas, for appellees.

WILSON, Justice.

Condemnors in this eminent domain proceeding say the opinion testimony of their witnesses was the only admissible evidence of the market value of condemned property, and therefore the court should have instructed the jury to return a verdict for the highest value testified to by those witnesses.

■ The court was not authorized to instruct such a verdict. "Opinion evidence does not establish any material fact as a matter of law." Hood v. Texas Ind. Ins. Co., 146 Tex. 522, 209 S.W.2d 345, 346; Board of Firemen's Relief, etc. v. Marks, 150 Tex. 433, 242 S.W.2d 181, 185, 27 A.L.R.2d 965; 24 Tex.Jur.2d, Sec. 549, p. 42.

It is contended the court erred in overruling condemnors' motion to strike opinion testimony of appellees' witnesses concerning the value of the tract taken, because their opinions were limited to its value excluding the value of the leasehold interest of another party to the action. The assignment in appellants' motion for new trial is that the court erred in not excluding the testimony of these witnesses "because they failed to appraise the whole property and subtract the leasehold interest therefrom."

The court submitted a first issue inquiring as to the market value of the land taken, instructing the jury not to consider the portion thereof which was subject to the leasehold. By additional issues the court instructed the jury to find the value of the condemned tract, subject to the leasehold interest, and the value of that interest. He instructed that the sum of the answers to the latter two separate issues must equal the amount found in answer to the first. The jury findings conformed to the instruction. Condemnors made no objections to the charge. They present no point asserting the values found by the jury are excessive.

On cross-examination appellants elicited testimony from one of appellees' witnesses that in arriving at his opinion as to value of the land taken he did not consider nor appraise the value of the leasehold; and his estimate of value did "not include any value for leasehold interests." "Q. Now, if you included the leasehold interest in it, would this figure go up, or would it go down? A. It would have to go up." He testified that if he had valued the leasehold separately, he would add it to the value testified to. The other witness—having likewise given his opinion on direct of the value of the land condemned, subject to and excluding the leasehold—testified on appellants' cross-examination that he had not valued the leasehold separately; and if he had done so, "it would still leave it the same; I don't think it would have any effect on it." He testified, however, that if he had placed a value on the lease, he "would put it on top of" the value submitted.

Appellant states its position to be that it is impossible to "appraise a fee estate in land, burdened by lesser estates, because if the lesser estates have value they must be subtracted—not added—to the value of the fee; and it is impossible to value "the lessor's reversionary interest without first ascertaining the value of the outstanding leasehold estates."

■ Appellants' contentions are overruled for the following reasons: (1) These

witnesses were not necessarily expressing an opinion as to a "reversionary interest." Although critical analysis of portions of their testimony by technical standards might warrant such conclusion, they also testified their opinion of value excluded value of the leasehold, and if they should hypothetically value the latter, the opinion as to value of the land taken would be the same. (2) Under the court's instruction, with any inconsistent portions of the testimony of these witnesses being subject to conflicting construction, the jury was authorized to give the whole such weight as it deemed proper. (3) Appellants introduced opinion evidence as to the separate valuation of the leasehold; the jury found it separately, and as to the amount so found, appellants "agree that this figure is correct." The jury was authorized to apply such testimony of appellants' witnesses, and its finding, to the testimony of appellees' witnesses and the evidence as a whole. (4) Appellants did not object to the charge which instructed the jury, in effect, as to the construction to be placed on the testimony of these and other witnesses. (5) The rule stated in decisions relied on by appellants that the value of the land taken must be determined as if all interests in the property "were in a single ownership," relates to the issue to be determined by the fact finder; it does not fashion a mold into which opinion testimony must be poured, nor fix immutable bounds by which it must be circumscribed. It does not imply testimony is a nullity unless it fully fits the pattern of the ultimate inquiry. (6) The evidence of these witnesses is consistent with the form of submission used in the charge. It is reasonably, if not certainly, subject to the construction that their opinion as to values excluded the value of the leasehold. Their further testimony that if they had valued the latter they would have added it to the amount originally expressed is precisely what the court instructed the jury to do, with appellants' acquiescence.

Affirmed.